## UNITED STATES DISTRICT COURT NORTHERN
## DISTRICT OF ILLINOIS EASTERN DIVISION

|  |  |
|---|---|
| GUANGZHOU BAIYUN DISTRICT YOUZHI COSMETICS FACTORY, <br><br> and <br><br> SHENZHEN SHANNA TECHNOLOGY CO., LTD., <br><br> Plaintiffs, <br><br> v. <br><br> SURF SCALING LIMITED, doing business as LEGACARE, <br><br> Defendant. | Case No. 1:26-cv-07826 <br><br> JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiffs Guangzhou Baiyun District Youzhi Cosmetics Factory and Shenzhen Shanna Technology Co., Ltd., by and through their undersigned counsel, allege as follows against Defendant Surf Scaling Limited:

## NATURE OF THE ACTION

1. This action arises from Defendant's wrongful claim of exclusive rights in a stylized "L" design mark and related L-mark changing-foundation product presentation developed, used, and supplied by Plaintiffs, and from Defendant's use of that claimed registration to interfere with Plaintiffs' United States marketplace sales.

2. Plaintiff Guangzhou Baiyun District Youzhi Cosmetics Factory, referred to in this Complaint as "Guangzhou Youzhi," is the developer, manufacturer, supplier, and quality-control source of a changing-foundation product system bearing a stylized "L" design used on product bottles, outer packaging, product photographs, promotional materials, and design files.

3. Plaintiff Shenzhen Shanna Technology Co., Ltd., referred to in this Complaint as "Shanna Technology," is an authorized downstream seller that purchased L-mark changing-foundation products from Guangzhou Youzhi and sold them in the United States, including through Amazon.

4. Defendant Surf Scaling Limited claims to own U.S. Registration No. 8161101 for a stylized "L" design mark, Serial No. 99317209, in International Class 3 for cosmetics-related goods.

5. Defendant's stylized "L" registration was filed on August 3, 2025, based on alleged use in commerce under Section 1(a) of the Lanham Act, and claims January 2, 2025 as both the first-use date and first-use-in-commerce date.

6. Plaintiffs allege that Defendant was not the true owner of the stylized "L" mark when it filed the application, that Defendant's claimed first-use and ownership representations are inconsistent with Plaintiffs' evidence, and that Defendant obtained and used the registration to interfere with Plaintiffs' United States sales.

7. Before Defendant's alleged first use and before Defendant's trademark application, Guangzhou Youzhi had already developed, designed, produced, photographed, packaged, and commercially supplied the L-mark changing-foundation product system.

8. Defendant and persons acting for or with Defendant later obtained products, samples, packaging images, source or design files, PDFs, and production-confirmation materials from Guangzhou Youzhi in the course of a commercial supplier-buyer relationship.

9. Defendant did not receive any assignment of the stylized "L" mark, any transfer of goodwill, or any authorization to register the stylized "L" mark in Defendant's own name.

10. Defendant nevertheless used the disputed registration to submit intellectual-property complaints to Amazon against Shanna Technology's authorized United States listings.

11. Defendant also continues, directly or through the Legacare storefronts and related online channels, to market Legacare Changing Foundation products using the disputed L-mark product presentation and advertising claims that, upon information and belief, misrepresent the nature, characteristics, qualities, source, approval, affiliation, sponsorship, or quality-control connection of Defendant's products.

12. Plaintiffs seek declaratory relief, cancellation of Registration No. 8161101, injunctive relief preventing further misuse of the registration and confusing product presentation, withdrawal or correction of wrongful platform complaints, damages, disgorgement of profits, corrective advertising, attorneys' fees where permitted, costs, and all other appropriate relief.

## PARTIES

13. Plaintiff Guangzhou Youzhi is a cosmetics manufacturer and supplier located in Guangzhou, Guangdong Province, China. Guangzhou Youzhi develops, manufactures, packages, supplies, and

3

coordinates production for cosmetics products, including the L-mark changing-foundation product system at issue in this action.

14. Guangzhou Youzhi is responsible for the development, production, supply, and quality-control functions associated with the L-mark changing-foundation product system.

15. Plaintiff Shanna Technology is a limited liability company organized under the laws of the People's Republic of China. Shanna Technology operates or operated the Amazon U.S. storefront known as SNA-DIRECT, purchased L-mark changing-foundation products from Guangzhou Youzhi, and sold those products in the United States through Amazon.

16. Defendant Surf Scaling Limited is a foreign limited company. Upon information and belief, Surf Scaling Limited is organized under the laws of Hong Kong or otherwise maintains a Hong Kong corporate address in trademark-related records. Defendant Surf Scaling Limited is referred to herein as "Surf Scaling" or "Defendant."

17. Surf Scaling is the listed owner of U.S. Registration No. 8161101 for the stylized "L" design mark at issue in this action and filed, caused to be filed, or benefited from the filing of U.S. trademark application Serial No. 99317209 for that mark.

18. Upon information and belief, Surf Scaling does business as, uses, controls, operates through, directs, benefits from, or is commercially affiliated with the Legacare brand and the Legacare online storefronts, including legacare.com and legacareofficial.com.

4

19. In the alternative, Surf Scaling uses or has used the Legacare online storefronts, product pages, and related sales channels as the commercial-use, specimen, advertising, marketplace-enforcement, or consumer-facing basis for its claimed U.S. trademark rights.

**JURISDICTION AND VENUE**

20. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because Plaintiffs' claims arise under the laws of the United States, including the Lanham Act, 15 U.S.C. §§ 1051 et seq.

21. This Court has jurisdiction under 28 U.S.C. § 1338(a) because this action arises under Acts of Congress relating to trademarks.

22. This Court may grant declaratory relief under 28 U.S.C. §§ 2201 and 2202 because an actual controversy exists between Plaintiffs and Defendant concerning the ownership, validity, enforceability, and marketplace use of Defendant's claimed stylized "L" rights and U.S. Registration No. 8161101.

23. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiffs' Illinois statutory and common-law claims because those claims arise from the same nucleus of operative facts as Plaintiffs' federal claims.

24. This Court has authority under 15 U.S.C. § 1119 to determine the right to registration and to order cancellation or rectification of the federal trademark register with respect to Registration No. 8161101.

25. This Court has personal jurisdiction over Defendant because Defendant purposefully directed commercial conduct toward the United States and Illinois.

5

26. Defendant, directly or through the Legacare online storefronts and related channels, operates U.S.-facing e-commerce storefronts that display English-language content, United States currency, payment methods available to United States consumers, product pages, shopping-cart functions, checkout functions, and order-tracking functions.

27. Defendant, directly or through the Legacare online storefronts and related channels, sells and ships cosmetic products to United States consumers, including consumers in Illinois.

28. On or about May 7, 2026, Plaintiffs, through their agent, placed an online order for a Legacare product through the U.S.-facing Legacare online sales channel associated with Defendant.

29. The order used a Chicago, Illinois shipping address, payment was made through the online checkout process, the order was confirmed and tracked, and the purchased product was delivered in or through Illinois.

30. Defendant also purposefully directed conduct toward United States commerce by applying for and obtaining a U.S. trademark registration and by using that registration to interfere with Amazon U.S. listings for products sold by Shanna Technology.

31. Defendant's platform complaints affected Shanna Technology's United States sales, including Amazon U.S. listings, account status, sales ability, traffic, ranking, customer access, and marketplace reputation.

32. Defendant's conduct caused injury to Plaintiffs in the United States and in Illinois, including injury to Plaintiffs' U.S. sales channels, marketplace access, goodwill, and commercial relationships.

33. In the alternative, to the extent Defendant is not subject to jurisdiction in any state's courts of general jurisdiction, this Court has personal jurisdiction under Federal Rule of Civil Procedure 4(k)(2) because Plaintiffs' claims arise under federal law, Defendant is not subject to jurisdiction in any state's courts of general jurisdiction, and Defendant's contacts with the United States as a whole are sufficient for the exercise of jurisdiction consistent with the United States Constitution and laws.

34. Venue is proper in this District under 28 U.S.C. § 1391(b)(2) and (c)(3) because Defendant is not a resident of the United States and may be sued in any judicial district, and because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in or affected this District, including Defendant's sale and shipment of goods to Illinois and Defendant's interference with United States marketplace commerce.

## **FACTUAL ALLEGATIONS**

35. For pleading convenience, Plaintiffs use the term "Surf Scaling / Legacare side" to refer collectively to Surf Scaling, the Legacare brand or storefront operation, and persons who later communicated with, visited, purchased from, or coordinated with Guangzhou Youzhi in connection with Legacare-branded L-mark changing-foundation products, including Mislav Beslic, Naeem Aaron Rahman, and Wenbin Chen. Plaintiffs do not seek, by using this shorthand, any final determination at the pleading stage concerning the precise legal relationships among those persons and entities.

**A. Guangzhou Youzhi Developed and Produced the L-Mark Changing-Foundation Product System Before Defendant's Claimed Rights**

36. Guangzhou Youzhi is a cosmetics manufacturer and supplier. In 2024, Guangzhou Youzhi began developing a changing-foundation product system that included a stylized "L" design used on product bottles, outer packaging, product images, promotional materials, and related design files. The stylized "L" design at issue in this action is referred to in this Complaint as the "L Mark," and the product system using the L Mark is referred to as the "L-Mark Changing Foundation Product System."

37. In or around August 2024 through September 2024, Guangzhou Youzhi personnel, including Zhongshu Lin, coordinated packaging, bottle, outer-box, product-rendering, and promotional-image design work for the L-Mark Changing Foundation Product System. Guangzhou Youzhi's design communications show that the L Mark appeared on bottle, outer-box, product-rendering, and promotional-image materials by August or September 2024.

38. The 2024 design communications were not communications in which the Surf Scaling / Legacare side provided Guangzhou Youzhi with a preexisting L Mark design file. Instead, Guangzhou Youzhi's 2024 design communications show that Guangzhou Youzhi was developing its own product presentation, packaging, product images, and design system for the L-Mark Changing Foundation Product System.

39. Guangzhou Youzhi also maintains design-file metadata, file-property evidence, and timestamp evidence for bottle and outer-box design files showing creation, modification, application, and format information for the relevant design materials.

8

40. In 2024, Guangzhou Youzhi photographed and possessed finished and semi-finished L-mark changing-foundation products, bottles, caps, outer packaging, packaging materials, production materials, and product assemblies. These 2024 product and packaging materials displayed the L Mark on the bottle and outer packaging and show that the L-Mark Changing Foundation Product System was not merely a design concept but had proceeded into actual product, packaging, assembly, or production.

41. Guangzhou Youzhi also maintained production, inspection, filling, packaging, final inspection, and release records for the first production batch of the L-mark changing-foundation product system. On or about September 7, 2024, Guangzhou Youzhi issued a production instruction for a changing-foundation product batch with production number 24I0705.

42. That production documentation identified the product as changing foundation, identified a formula number, identified 30g net content, and listed packaging and bottle components, including the color box, inner tray, bottle, pump head, cap, sealing film, and carton. Guangzhou Youzhi's production records reflect that the product entered emulsification production, semi-finished inspection, filling and packaging, finished-product inspection, and finished-product release, and that the finished product was released after internal review and inspection in September 2024.

43. The 2024 design, production, packaging, and inspection records show that Guangzhou Youzhi had developed and produced the L-Mark Changing Foundation Product System before Defendant's first confirmed procurement contact with Guangzhou Youzhi.

9

**B. Shanna Technology Purchased from Guangzhou Youzhi and Sold the Authorized Products in the United States**

44. Shanna Technology is an authorized downstream seller of Guangzhou Youzhi's L-mark changing-foundation products. Guangzhou Youzhi's business records and Shanna Technology's records show that Shanna Technology purchased L-mark changing-foundation products from Guangzhou Youzhi as early as December 2024, including a December 3, 2024 purchase of 20 units and a December 5, 2024 purchase of 200 additional units.

45. Shanna Technology created and prepared United States Amazon listings for the L-mark changing-foundation products in December 2024. Shanna Technology's Amazon U.S. storefront is known as SNA-DIRECT, and the relevant listings included ASIN B0DPQJRX8N and ASIN B0DPQK16X9.

46. Shanna Technology's Amazon listing materials, product photographs, bottle photographs, and packaging photographs show products bearing the L Mark. Shanna Technology's records also show that it created United States FBA shipments for the products in December 2024 and that United States marketplace orders for the products occurred in December 2024.

47. Shanna Technology continued to sell the products on Amazon U.S. and generated commercial sales, traffic, rankings, reviews, and customer interest through the listings. Shanna Technology's United States listings and sales were commercially important to Shanna Technology and to Guangzhou Youzhi's United States sales channel.

**C. Defendant Later Contacted, Purchased from, and Obtained Product Materials from Guangzhou Youzhi**

48. Plaintiffs allege that Defendant's relationship with Guangzhou Youzhi began as a commercial supplier-buyer relationship, not as a trademark ownership, assignment, license, or brand-transfer relationship.

49. Guangzhou Youzhi's business records reflect that, in February 2025, Wenbin Chen, who served as a procurement or logistics contact associated with the Surf Scaling / Legacare side, communicated with Guangzhou Youzhi regarding the L-mark changing-foundation product. Guangzhou Youzhi's records reflect a February 2025 first confirmed procurement or order process involving 1,000 bottles of the L-mark changing-foundation product, followed by a subsequent May 13, 2025 order involving 4,620 bottles of the L-mark changing-foundation product.

50. On or about May 30, 2025, Mislav Beslic, Naeem Aaron Rahman, and Wenbin Chen, each associated with the Surf Scaling / Legacare side, visited Guangzhou Youzhi's factory. After the initial procurement relationship and the factory visit, Defendant and persons associated with Defendant continued to communicate with Guangzhou Youzhi regarding L-mark changing-foundation products, bottle designs, outer-box designs, product files, and production-confirmation materials.

51. From approximately July 22, 2025 through July 28, 2025, Maifeng Guo, Guangzhou Youzhi's general manager, communicated with Mislav Beslic regarding the Legacare L-mark changing-foundation product. During those communications, Guangzhou Youzhi sent bottle-sample images and outer-box sample images bearing the Legacare wording and the L Mark for review and confirmation.

52. During the July 2025 communications, Mislav Beslic requested or discussed revisions to product text, including language relating to "Changing Foundation SPF50." Guangzhou Youzhi revised, organized, or coordinated revisions to the bottle and outer-box design materials in response to those communications.

53. On or about July 24, 2025, Guangzhou Youzhi sent bottle and outer-box source files to Mislav Beslic. Those source files contained the L Mark and its application on the bottle, outer box, and packaging for the Legacare L-mark changing-foundation product.

54. Guangzhou Youzhi continued to send design files and production-confirmation materials to Mislav Beslic on or about July 25, 2025 and July 27–28, 2025. These materials included bottle files, outer-box files, final pre-production confirmation files, and design images bearing the Legacare wording and the L Mark.

55. The July 2025 communications show that Mislav Beslic was not merely receiving finished goods; he was participating in confirming product and production details. The July 2025 communications also show that the bottle, outer-box, packaging, L Mark design application, and production-confirmation files came from Guangzhou Youzhi.

56. Plaintiffs allege that, by July 2025, Defendant and persons associated with Defendant knew that the L Mark and its product-presentation files were being provided, modified, or coordinated by Guangzhou Youzhi. Guangzhou Youzhi's records do not show that Defendant supplied Guangzhou Youzhi with any original 2024 or earlier L Mark source file, design file, or ownership record predating Guangzhou Youzhi's 2024 design, production, and product records.

12

57. On or about October 13, 2025, Mislav Beslic again requested PDF or editable bottle and outer-box design files from Maifeng Guo. On or about October 14, 2025, Guangzhou Youzhi sent outer-box and bottle PDF files related to the Legacare L-mark changing-foundation product, including files relating to the bottle, outer box, packaging, and L Mark application for the product.

58. Plaintiffs allege that the 2025 communications in which Guangzhou Youzhi sent bottle, outer-box, JPG, source, PDF, and pre-production confirmation files were not a process in which Defendant first commissioned and became owner of the L Mark. Instead, Plaintiffs allege that Defendant obtained, confirmed, and used Guangzhou Youzhi's preexisting L-mark product presentation, bottle design, outer-box design, packaging files, and product-system materials.

**D. No Trademark Assignment, Goodwill Transfer, or Authorization to Register the L Mark**

59. Guangzhou Youzhi did not assign the L Mark to Defendant, did not transfer goodwill associated with the L Mark or the L-Mark Changing Foundation Product System to Defendant, and did not authorize Defendant to register the L Mark in Defendant's own name in the United States.

60. Maifeng Guo and Zhongshu Lin did not sign any document transferring the L Mark, the bottle design, the outer-box design, the packaging design, or any associated goodwill to the Surf Scaling / Legacare side.

61. Plaintiffs are not aware of any trademark assignment, written ownership confirmation, exclusive license, goodwill transfer, authorization, or other document permitting Defendant to file a United States trademark application for the L Mark in Defendant's own name.

62. Plaintiffs allege that Guangzhou Youzhi sent samples, source files, PDFs, design files, sample images, and production-confirmation files to the Surf Scaling / Legacare side only for product sampling, production confirmation, packaging confirmation, order fulfillment, and supply communications. Those communications did not transfer trademark ownership or goodwill to Surf Scaling or the Surf Scaling / Legacare side.

**E. Defendant Filed and Obtained U.S. Registration No. 8161101**

63. On or about August 3, 2025, Defendant filed U.S. trademark application Serial No. 99317209 for the stylized "L" design in International Class 3 for cosmetics-related goods, based on alleged use in commerce under Section 1(a) of the Lanham Act.

64. The application identified Surf Scaling Limited as the owner of the mark, claimed January 2, 2025 as both the first-use date and the first-use-in-commerce date, identified www.legacareofficial.com as the owner website, directed to a Legacare "changing-foundation-4-in-1" or substantially similar product page as the specimen URL, and was signed by Naeem Aaron Rahman as Director.

65. U.S. Registration No. 8161101 issued on or about March 3, 2026.

66. Plaintiffs allege that Defendant's claimed ownership and first-use allegations are inconsistent with the evidence showing Guangzhou Youzhi's 2024 design, production, packaging, release, and product-system development, Defendant's first confirmed procurement or order process with Guangzhou Youzhi in February 2025, and the July 2025 communications in which Guangzhou Youzhi sent L Mark bottle, outer-box, design, source, and production-confirmation files to Mislav Beslic.

14

67. Plaintiffs allege that Defendant was not the true owner of the L Mark when Defendant filed the application and that Registration No. 8161101 is invalid, void, voidable, cancellable, or otherwise not enforceable against Plaintiffs and their authorized sellers.

**F. Defendant Used the Registration to Interfere with Shanna Technology's Amazon U.S. Sales**

68. Shanna Technology sold authorized L-mark changing-foundation products purchased from Guangzhou Youzhi on Amazon U.S. The Surf Scaling / Legacare side submitted intellectual-property complaints to Amazon concerning Shanna Technology's Amazon listings.

69. On or about April 6, 2026, Shanna Technology received an Amazon intellectual-property complaint notice submitted from or associated with support@legacareofficial.com. The complaint concerned ASIN B0DPQJRX8N and ASIN B0DPQK16X9 and identified complaint number 19824120341.

70. On or about April 8, 2026, Amazon's account-health or account-status support team communicated to Shanna Technology that the complainant claimed that the L mark on Shanna Technology's products infringed the complainant's trademark rights. Amazon indicated that Shanna Technology could submit evidence of use of the L mark before January 2, 2025, including 2024 order records.

71. Shanna Technology appealed or responded to the first complaint. Shanna Technology's records show that the first complaint was later cleared, removed, or resolved and that Shanna Technology's sales status was restored.

15

72. On or about May 16, 2026, the Surf Scaling / Legacare side submitted a second Amazon intellectual-property complaint against Shanna Technology concerning ASIN B0DPQJRX8N. The complaint identified complaint number 20280932041 and was submitted from or associated with Legacare and/or surfscaling@gmail.com.

73. After the second complaint, Shanna Technology's Amazon account, listings, or products were placed at risk of removal, actual removal, sales restriction, or account-health impairment. Shanna Technology again appealed or responded to the complaint, and on or about May 29, 2026, Amazon confirmed restoration of sales authority for ASIN B0DPQJRX8N.

74. Shanna Technology's records show that the complaints caused or contributed to account-risk events, sales disruption, listing instability, traffic decline, customer inability to purchase, lost sales, ranking damage, and other commercial harm.

75. Defendant's repeated platform complaints, together with Defendant's continued assertion of exclusive rights under Registration No. 8161101, create a credible and ongoing threat to Shanna Technology's United States marketplace sales. Because Shanna Technology sells authorized L-mark changing-foundation products supplied by Guangzhou Youzhi, Defendant's platform-enforcement conduct also threatens Guangzhou Youzhi's authorized United States distribution channel and goodwill in the L-Mark Changing Foundation Product System.

**G. Defendant's U.S.-Facing Legacare Websites and Sale and Delivery into Illinois**

76. Upon information and belief, Defendant operates, controls, benefits from, or materially participates in the Legacare online storefronts, including legacare.com, legacareofficial.com, and related

16

Legacare product pages. In the alternative, Defendant uses the Legacare online storefronts as the commercial-use basis, specimen basis, product advertising channel, and enforcement foundation for Defendant's claimed rights in the L Mark.

77. The Legacare online storefronts are U.S.-facing and sell cosmetic products to United States consumers. They display English-language pages, United States currency, shopping functions, checkout functions, product pages, order-tracking functions, and payment methods available to United States consumers.

78. The Legacare storefronts sell or market Changing Foundation or Changing Foundation-4-in-1 products and use the Legacare name and product presentation associated with the disputed L-mark product system.

79. The legacare.com storefront and legacareofficial.com website are linked or integrated through shared Legacare branding, customer-service information, order-tracking functions, policy links, and other online storefront functions. The legacare.com storefront identifies www.LegacareOfficial.com as the official Legacare website or directs consumers to legacareofficial.com for official Legacare functions.

80. The Legacare storefronts also include anti-fraud or anti-counterfeit content stating that Legacare monitors or reports Amazon, TikTok Shop, unauthorized websites, or other third-party platforms.

81. On or about May 7, 2026, Plaintiffs, through their agent, placed an online order for a Legacare product through the Legacare online sales channel. The order was placed through a U.S.-facing online checkout process and used a Chicago, Illinois shipping address.

82. The order was confirmed, tracked, shipped, and delivered in or through Illinois. Plaintiffs received the purchased product and preserved order, payment, tracking, shipment, delivery, package, and product evidence.

83. The completed purchase demonstrates that the Legacare online sales channel was configured to accept orders from, process payment from, ship products to, and deliver products to consumers in Illinois and the United States.

**H. Defendant's False Association and False Designation Conduct**

84. Guangzhou Youzhi last supplied L-mark changing-foundation products to the Surf Scaling / Legacare side in connection with a March 1, 2026 transaction, with shipment on March 8, 2026.

85. Guangzhou Youzhi has not supplied L-mark changing-foundation products to Surf Scaling / Legacare since that shipment.

86. Plaintiffs do not contend, based solely on the last-shipment date, that every Legacare product sold before March 8, 2026 was necessarily supplied by Guangzhou Youzhi. Upon information and belief, Surf Scaling / Legacare may have sourced or sold products from other or unknown sources even before that date while continuing to use the L Mark, bottle design, outer-box design, packaging presentation, and "Changing Foundation" advertising derived from Guangzhou Youzhi's product system.

87. After Guangzhou Youzhi's final shipment on March 8, 2026, Guangzhou Youzhi did not produce, supply, inspect, or quality-control any additional L-mark changing-foundation products for Surf Scaling / Legacare. To the extent Defendant continued or continues selling products not drawn from pre-existing Guangzhou Youzhi-supplied inventory, those products' source, formula, contents, quality, and color-changing performance were outside Guangzhou Youzhi's control.

88. Defendant uses the disputed L Mark, product presentation, bottle design, outer-box design, packaging presentation, and related marketing materials in connection with Legacare-branded changing-foundation products.

89. Defendant's use of the disputed L Mark and related product presentation is likely to cause consumers, platforms, distributors, and marketplace participants to believe that Defendant's products originate from, are affiliated with, are sponsored or approved by, or are subject to the quality control of Plaintiffs or Plaintiffs' authorized L-Mark Changing Foundation Product System.

90. Defendant's conduct has caused, and unless enjoined will continue to cause, confusion regarding the source, sponsorship, approval, affiliation, authorization, and quality-control connection of Defendant's products and Plaintiffs' L-Mark Changing Foundation Product System.

91. After Guangzhou Youzhi's final shipment on March 8, 2026, Defendant continued to market, sell, offer for sale, distribute, advertise, and enforce claimed rights in Legacare-branded L-mark changing-foundation products in the United States while asserting claimed rights under Registration No. 8161101, without any trademark assignment, ongoing authorization, or quality-control arrangement from Plaintiffs.

**I. Defendant's False Advertising and Misleading Product Claims**

92. Defendant markets or has marketed Legacare-branded changing-foundation products using product names, packaging statements, website claims, and promotional materials referring to "Changing Foundation," "Changing Foundation-4-in-1," color-changing or tone-matching performance, SPF-related characteristics, and other product qualities.

93. Defendant's packaging, product pages, and promotional materials state or suggest that the product goes on white, adapts to or mimics the consumer's skin tone, provides color-matching or tone-matching benefits, and has the advertised qualities of a changing-foundation product.

94. The Legacare product purchased through the Legacare online sales channel used packaging and product statements referring to "Changing Foundation," SPF-related characteristics, color-matching technology, and the product's ability to mimic or match a consumer's skin tone.

95. Upon information and belief, at least some of Defendant's current product advertising misrepresents or is likely to mislead consumers concerning the nature, characteristics, qualities, or geographic identity of Defendant's goods, including advertised color-changing, tone-matching, product-performance, product-quality, skin-tone-range, or product-origin claims.

96. Upon information and belief, at least some of Defendant's current Legacare-branded changing-foundation products sold or offered for sale in the United States do not possess the advertised color-changing, tone-matching, product-performance, or product-quality characteristics represented in Defendant's packaging, product pages, or promotional materials.

97. Consumer-review and marketplace evidence further reflects complaints, disputes, or concerns regarding Legacare product performance, product quality, and whether Legacare products performed as advertised.

98. Defendant's marketing materials also contain representations concerning Legacare's brand identity, geographic identity, official websites, authorized sales channels, and anti-counterfeit or anti-fraud enforcement. Upon information and belief, those representations are misleading to the extent they suggest a source, geographic identity, authorization status, product-control system, or enforcement authority that Defendant does not possess.

99. Public reporting has raised questions concerning Legacare's claimed Australian identity and business-registration status. Plaintiffs do not rely on such public reporting as an adjudicated finding, but allege that Defendant's geographic-identity and brand-identity representations are misleading in light of Defendant's own website statements, public reporting, marketplace evidence, and Defendant's use of the disputed L Mark and related product presentation.

100. Plaintiffs' false-advertising allegations concerning color-changing, tone-matching, product quality, product characteristics, geographic identity, and brand identity are based on Plaintiffs' current evidence, including website captures, observations of the product purchased through the Legacare online sales channel, product materials, consumer-review or marketplace evidence, and public reporting.

<u>**COUNT I**</u>
<u>**DECLARATORY JUDGMENT OF NON-OWNERSHIP, INVALIDITY, AND NO EXCLUSIVE RIGHTS AGAINST PLAINTIFFS**</u>
<u>**28 U.S.C. §§ 2201–2202**</u>

101.    Plaintiffs incorporate all prior factual allegations as if fully set forth herein.

102.    An actual and justiciable controversy exists between Plaintiffs and Defendant.

103.    Defendant claims exclusive rights in the L Mark through U.S. Registration No. 8161101.

104.    Defendant has used or caused to be used that registration to interfere with Shanna Technology's Amazon U.S. listings.

105.    Defendant's claimed exclusive rights threaten Plaintiffs' ability to sell, supply, distribute, advertise, and maintain the L-Mark Changing Foundation Product System in the United States.

106.    Plaintiffs allege that Defendant was not the owner of the L Mark when Defendant filed U.S. trademark application Serial No. 99317209.

107.    Plaintiffs allege that Defendant did not receive any trademark assignment, transfer of goodwill, written ownership confirmation, or authorization permitting Defendant to register the L Mark in Defendant's own name.

108.    Plaintiffs allege that Defendant's claimed first-use and first-use-in-commerce date of January 2, 2025 is inconsistent with Plaintiffs' evidence.

109.    Plaintiffs are entitled to a declaration that Defendant does not own exclusive rights in the L Mark as against Plaintiffs or Plaintiffs' authorized sellers.

110. Plaintiffs are entitled to a declaration that Defendant may not use Registration No. 8161101 to complain to Amazon or other marketplaces against Plaintiffs' authorized L-mark changing-foundation products.

111. Plaintiffs are entitled to a declaration that Registration No. 8161101 is invalid, cancellable, and unenforceable against Plaintiffs and Plaintiffs' authorized sellers.

**COUNT II**
**CANCELLATION OF U.S. REGISTRATION NO. 8161101**
**15 U.S.C. § 1119**

112. Plaintiffs incorporate all prior factual allegations as if fully set forth herein.

113. This action involves a registered mark, U.S. Registration No. 8161101.

114. This Court has authority under 15 U.S.C. § 1119 to determine the right to registration and to order cancellation, in whole or in part, of U.S. Registration No. 8161101.

115. Defendant's application for the L Mark was filed on August 3, 2025.

116. Defendant's application was based on alleged use in commerce under Section 1(a) of the Lanham Act.

117. Defendant claimed January 2, 2025 as the date of first use and first use in commerce.

118. Defendant claimed to own the L Mark.

119. Plaintiffs allege that Defendant was not the owner of the L Mark as of the application filing date.

120. Plaintiffs allege that the L Mark and related product presentation had already been developed, used, and produced by Guangzhou Youzhi before Defendant's first confirmed procurement relationship with Guangzhou Youzhi.

121. Plaintiffs allege that Defendant did not obtain any assignment of the L Mark or associated goodwill.

122. Plaintiffs allege that Defendant's registration is cancellable or subject to rectification because Defendant was not the rightful owner or applicant.

123. Plaintiffs further allege that Defendant's claimed first-use and first-use-in-commerce dates are false, inaccurate, or unsupported.

124. Plaintiffs are entitled to an order cancelling U.S. Registration No. 8161101 and directing the Director of the United States Patent and Trademark Office to make appropriate entry upon the records of the USPTO.

## COUNT III
## FALSE ASSOCIATION AND FALSE DESIGNATION OF ORIGIN
## 15 U.S.C. § 1125(a)(1)(A)

125. Plaintiffs incorporate all prior factual allegations as if fully set forth herein.

126. After the last known Guangzhou Youzhi supply described above, Defendant continued to market, sell, offer for sale, distribute, advertise, and enforce claimed rights in Legacare-branded L-mark changing-foundation products in the United States while asserting claimed rights under Registration No. 8161101, without any trademark assignment, ongoing authorization, or quality-control arrangement from Plaintiffs.

24

127. Defendant has used the disputed L Mark, product presentation, bottle design, outer-box design, packaging presentation, and related marketing materials in connection with Defendant's Legacare-branded changing-foundation products.

128. Defendant's use of the disputed L Mark and related product presentation occurred in commerce, including through Legacare online storefronts, product pages, marketplace listings, platform intellectual-property complaints, sales channels directed to United States consumers, and product shipments into the United States.

129. Defendant's use of the disputed L Mark and related product presentation is likely to cause consumers, platforms, distributors, retailers, and marketplace participants to believe that Defendant's products originate from, are affiliated with, are sponsored or approved by, or are subject to the quality control of Plaintiffs or Plaintiffs' authorized L-Mark Changing Foundation Product System.

130. Defendant's conduct is also likely to cause confusion concerning the source, sponsorship, approval, affiliation, authorization, and quality-control connection of Defendant's goods, services, advertising, product listings, platform complaints, and claimed trademark rights.

131. Defendant's conduct constitutes false association, false designation of origin, and misleading use in commerce in violation of 15 U.S.C. § 1125(a)(1)(A).

132. Plaintiffs have been damaged by Defendant's conduct, including through marketplace interference, diversion of sales, impairment of authorized distribution channels, loss of control over goodwill, disruption of customer and distributor relationships, and confusion concerning the source,

25

sponsorship, approval, affiliation, authorization, and quality-control connection of L-mark changing-foundation products.

133. Unless enjoined, Defendant's conduct will continue to cause Plaintiffs irreparable harm, including loss of control over Plaintiffs' goodwill, reputation, authorized sales channels, and the quality-control integrity of the L-Mark Changing Foundation Product System.

**COUNT IV**
**FALSE ADVERTISING**
**15 U.S.C. § 1125(a)(1)(B)**

134. Plaintiffs incorporate all prior factual allegations as if fully set forth herein.

135. Defendant has used commercial advertising and promotion in interstate commerce to market, advertise, promote, offer for sale, and sell Legacare-branded changing-foundation products, including through online storefronts, product pages, packaging, product statements, promotional materials, and related sales channels.

136. Defendant's commercial advertising and promotion includes product names, packaging statements, website claims, and promotional themes concerning "Changing Foundation," "Changing Foundation-4-in-1," color-changing performance, tone-matching performance, skin-tone adaptation, SPF-related characteristics, product quality, product characteristics, brand identity, and geographic identity.

137. Defendant's packaging, product pages, and promotional materials state or suggest that Defendant's products go on white, adapt to or mimic a consumer's skin tone, provide color-matching or tone-matching benefits, and possess the advertised qualities of a changing-foundation product.

26

138. Upon information and belief, Defendant's advertising and promotional statements are false or misleading descriptions or representations of fact concerning the nature, characteristics, qualities, or geographic origin of Defendant's goods.

139. Upon information and belief, at least some of Defendant's current Legacare-branded changing-foundation products sold or offered for sale in the United States do not possess the advertised color-changing, tone-matching, product-performance, or product-quality characteristics represented in Defendant's packaging, product pages, or promotional materials.

140. Upon information and belief, Defendant's representations concerning Legacare's brand identity, geographic identity, official websites, authorized sales channels, anti-counterfeit or anti-fraud enforcement, and related product-control or enforcement authority are misleading to the extent they suggest characteristics, qualities, geographic identity, authorization status, or enforcement authority that Defendant does not possess.

141. Defendant's false or misleading advertising statements are material because they concern product characteristics and brand attributes that are important to consumers purchasing changing-foundation products, including color-changing performance, tone-matching performance, skin-tone adaptation, SPF-related characteristics, product quality, product characteristics, and brand or geographic identity.

142. Defendant's false or misleading advertising has deceived or is likely to deceive consumers, platforms, distributors, retailers, and marketplace participants.

27

143. Defendant's false or misleading advertising has caused and is likely to continue causing injury to Plaintiffs, including diversion of sales, impairment of Plaintiffs' authorized sales channels, disruption of distributor and customer relationships, damage to goodwill and commercial reputation, and interference with Plaintiffs' ability to sell genuine or authorized L-mark changing-foundation products in the United States.

144. Defendant's false or misleading commercial advertising and promotion occurred in commerce, including through online storefronts and sales channels directed to United States consumers, online checkout and payment systems, product pages, packaging statements, product shipments into the United States, and shipment or delivery of products in or through Illinois.

145. Plaintiffs are entitled to injunctive relief, damages, disgorgement of Defendant's profits, corrective advertising, costs, attorneys' fees where permitted by law, and all other appropriate relief.

**COUNT V**
**FALSE REGISTRATION**
**15 U.S.C. § 1120**

146. Plaintiffs incorporate all prior factual allegations as if fully set forth herein.

147. Defendant procured U.S. Registration No. 8161101 from the USPTO.

148. Defendant procured that registration by representing to the USPTO that Surf Scaling Limited owned the L Mark.

149. Defendant procured that registration by claiming January 2, 2025 as the date of first use and first use in commerce.

150. Plaintiffs allege that Defendant's ownership representation was false, inaccurate, or unsupported because Guangzhou Youzhi had developed, produced, packaged, and used the L-Mark Changing Foundation Product System before Defendant's first confirmed procurement relationship with Guangzhou Youzhi, and because Defendant did not receive an assignment of the L Mark or associated goodwill.

151. Plaintiffs allege that Defendant's claimed first-use and first-use-in-commerce dates were false, inaccurate, or unsupported because Plaintiffs' records show Guangzhou Youzhi's prior development, production, packaging, and use of the L-Mark Changing Foundation Product System before January 2, 2025, and because Defendant's first confirmed procurement or order process with Guangzhou Youzhi occurred later, in February 2025.

152. Plaintiffs further allege that Defendant knew or should have known that it did not own the L Mark because Defendant and persons associated with Defendant obtained L Mark product files, bottle files, outer-box files, source files, PDFs, and production-confirmation files from Guangzhou Youzhi and did not receive any assignment of the L Mark or associated goodwill.

153. Plaintiffs allege that Defendant procured Registration No. 8161101 by false declaration, false representation, or false means within the meaning of 15 U.S.C. § 1120.

154. Plaintiffs were injured by Defendant's false registration because Defendant used Registration No. 8161101 to submit intellectual-property complaints against Shanna Technology's Amazon U.S. listings and to interfere with Plaintiffs' United States sales.

155.    Plaintiffs have suffered and are likely to continue suffering damages, including lost sales, lost traffic, lost ranking, customer confusion, marketplace disruption, appeal costs, reputational injury, and harm to goodwill.

156.    Plaintiffs are entitled to damages under 15 U.S.C. § 1120 and all other appropriate relief.

## COUNT VI
## ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT
## 815 ILCS 510/2 and 815 ILCS 510/3

157.    Plaintiffs incorporate all prior factual allegations as if fully set forth herein.

158.    Defendant engaged in deceptive trade practices in the course of business.

159.    Defendant's conduct passes off or is likely to pass off goods as those of another.

160.    Defendant's conduct causes likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods.

161.    Defendant's conduct causes likelihood of confusion or misunderstanding as to affiliation, connection, association, or certification by another.

162.    Defendant represents that Defendant's goods or commercial activities have sponsorship, approval, characteristics, uses, benefits, quality-control connection, or affiliation that they do not have.

163.    Defendant's advertising represents that Defendant's goods have characteristics, qualities, uses, benefits, or geographic identity that, upon information and belief, they do not have.

164.    Defendant's conduct creates a likelihood of confusion or misunderstanding.

165.    Plaintiffs have been and are likely to be damaged by Defendant's deceptive trade practices.

30

166. Plaintiffs are entitled to injunctive relief under 815 ILCS 510/3, together with costs and reasonable attorneys' fees to the extent permitted by law upon a finding that Defendant willfully engaged in deceptive trade practices.

**COUNT VII**
**ILLINOIS COMMON LAW UNFAIR COMPETITION**

167. Plaintiffs incorporate all prior factual allegations as if fully set forth herein.

168. Defendant's conduct constitutes unfair competition under Illinois common law.

169. Defendant wrongfully claimed exclusive rights in the L Mark despite obtaining the L-mark product presentation and related files from Guangzhou Youzhi in the course of a commercial supplier-buyer relationship.

170. Defendant used the disputed registration to interfere with Shanna Technology's Amazon U.S. listings.

171. Defendant used confusing L-mark product presentation in a manner likely to mislead consumers and platforms as to source, sponsorship, approval, affiliation, or quality-control connection.

172. Defendant used misleading advertising and promotional statements concerning Defendant's products.

173. Defendant's conduct is unfair, deceptive, and contrary to good commercial practice.

174. Defendant's conduct has caused and is likely to continue causing damage to Plaintiffs' United States sales, marketplace access, customer relationships, goodwill, and commercial reputation.

175.    Plaintiffs are entitled to injunctive relief, damages, disgorgement, costs, attorneys' fees where permitted, and all other appropriate relief.

## COUNT VIII
## TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE AND BUSINESS EXPECTANCY
## ALTERNATIVE STATE-LAW CLAIM

176.    Plaintiffs incorporate all prior factual allegations as if fully set forth herein.

177.    Shanna Technology had valid business expectancies in its Amazon U.S. listings, customer traffic, sales, ranking, listing continuity, account health, and customer relationships.

178.    Guangzhou Youzhi had valid business expectancies in the United States sales channel for L-mark changing-foundation products supplied to Shanna Technology and other authorized sellers.

179.    Defendant knew of Shanna Technology's Amazon listings and United States sales because the Legacare intellectual-property complaints targeted Shanna Technology's specific ASINs, and Defendant's own USPTO filing identified legacareofficial.com and Legacare product pages as the website and specimen basis for Defendant's claimed L Mark rights.

180.    Defendant intentionally interfered with Plaintiffs' business expectancies by submitting or causing to be submitted the Legacare intellectual-property complaints asserting the claimed L Mark rights reflected in Registration No. 8161101.

181.    Defendant's interference was unjustified because Defendant was not the true owner of the L Mark, did not receive an assignment of the L Mark or goodwill, and used a disputed registration based on inaccurate or false ownership and first-use claims.

182. Defendant's interference caused Amazon listing disruption, account-health risk, removal risk, sales interruption, lost traffic, lost ranking, customer inability to purchase, lost sales, appeal costs, and reputational injury.

183. Plaintiffs have been damaged by Defendant's interference.

184. Plaintiffs are entitled to damages, injunctive relief where permitted, costs, and all other appropriate relief.

## **PRAYER FOR RELIEF**

Plaintiffs respectfully request that the Court enter judgment in their favor and against Defendant as follows:

A. Declare that Defendant does not own exclusive rights in the L Mark as against Plaintiffs or Plaintiffs' authorized sellers;

B. Declare that Defendant may not use U.S. Registration No. 8161101 to interfere with Plaintiffs' authorized L-mark changing-foundation products or listings;

C. Declare that U.S. Registration No. 8161101 is invalid, void, voidable, cancellable, or unenforceable against Plaintiffs and Plaintiffs' authorized sellers;

D. Order cancellation of U.S. Registration No. 8161101 under 15 U.S.C. § 1119;

E. Direct the Director of the United States Patent and Trademark Office to make appropriate entry upon the records of the USPTO reflecting the cancellation or rectification ordered by the Court;

F. Preliminarily and permanently enjoin Defendant, its officers, agents, servants, employees, attorneys, and all persons acting in active concert or participation with Defendant from using U.S.

Registration No. 8161101 to submit complaints, takedown requests, infringement reports, or enforcement requests against Plaintiffs' authorized L-mark changing-foundation products on Amazon or any other marketplace, e-commerce platform, or sales channel;

G. Order Defendant to withdraw, correct, or request retraction of any platform complaints submitted against Plaintiffs' authorized products based on U.S. Registration No. 8161101 or the disputed L Mark;

H. Preliminarily and permanently enjoin Defendant from falsely representing that Plaintiffs' authorized L-mark changing-foundation products infringe Defendant's exclusive trademark rights;

I. Preliminarily and permanently enjoin Defendant from using the disputed L Mark, bottle design, outer-box design, packaging presentation, or related product presentation in a manner likely to cause confusion as to source, sponsorship, approval, affiliation, or quality-control connection with Plaintiffs;

J. Preliminarily and permanently enjoin Defendant from falsely or misleadingly advertising products as "Changing Foundation," "color-changing," "4-in-1," tone-matching, skin-tone adapting, or as possessing SPF-related characteristics, Australian brand identity, geographic identity, or any other characteristics, qualities, uses, benefits, source, approval, or authorization that they do not have;

K. Award Plaintiffs actual damages in an amount to be proven at trial;

L. Award Plaintiffs Defendant's profits, including profits attributable to Defendant's false association, false advertising, unfair competition, and wrongful registration conduct;

M. Award corrective advertising or other corrective relief;

N. Award Plaintiffs damages under 15 U.S.C. § 1120 for Defendant's procurement of Registration No. 8161101 by false declaration, false representation, or false means;

O. Award Plaintiffs pre-judgment and post-judgment interest;

P. Award Plaintiffs their costs;

Q. Award Plaintiffs their reasonable attorneys' fees to the extent permitted by law, including if this case is found exceptional under the Lanham Act;

R. Award such other and further relief as the Court deems just and proper.

### **JURY DEMAND**

Plaintiffs demand a trial by jury on all issues so triable.

DATED: July 5, 2026                                    Respectfully submitted,

*/s/ Yong Deng*
Yong Deng
**Allbelief Law Firm P.L.L.C.**
300 New Jersey Avenue NW, Suite 900
Washington, D.C. 20001
Phone: (571) 443-9140
bdeng@allbelief.com

*Attorney for Plaintiffs*

35